UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY REED,<br><br>Defendant. | Criminal Action No. 23-227 (JEB) |

**MEMORANDUM OPINION**

On September 18, 2024, after a bench trial, the Court found Jeffrey Reed guilty of five counts arising from his participation in the insurrection at the United States Capitol on January 6, 2021. Defendant has now filed a Motion for Judgment of Acquittal Notwithstanding the Verdict as to one count, which the Court will deny.

**I.  Background**

On the infamous date of January 6, Reed was one of the first people who bypassed multiple barricades to access restricted Capitol grounds and enter the building. The Government consequently charged him with five counts arising from those events: (i) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (ii) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (iii) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (iv) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (v) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See ECF No. 9 (Indictment). After the Court denied two pretrial motions to dismiss — one

1

specific to Count I and one focused on all other counts — Defendant went to trial last September. See Minute Order of September 4, 2024; Minute Entries of Sept. 16–18, 2024.

At the end of trial, the Court convicted Reed of all five counts. See Trial Transcript of Sept. 18, 2024, at 47–53. He has now filed a Motion for Judgment of Acquittal Notwithstanding the Verdict regarding only the charge of Civil Disorder. See ECF No. 57 (Mot.).

## II.   Legal Standard

Federal Rule of Criminal Procedure 29(c)(1) provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." When considering such a motion, the court must "consider[] th[e] evidence in the light most favorable to the government" and uphold a guilty verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Wahl, 290 F.3d 370, 375 (D.C. Cir. 2002). Put another way, the court must determine whether "a reasonable juror must necessarily have had a reasonable doubt as to the defendants' guilt." United States v. Weisz, 718 F.2d 413, 437 (D.C. Cir. 1983).

## III.   Analysis

Title 18 U.S.C. § 231(a)(3) makes it unlawful to "commit[] or attempt[] to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." Reed stipulated that "the officers were engaged in the lawful performance of their duties incident to and during a civil disorder." See Tr. Trans. at 47:24–48:1. The only question left for the Court was thus "whether . . . [D]efendant committed an act

with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers." Id. at 48:3–5; see also id. at 28:6–9. The Court answered affirmatively in its verdict, finding that Reed had committed such an act at breach points one (snow fencing at the Peace Monument), two (bike racks at the top of the Pennsylvania walkway), and four (bike racks at the base of the scaffolding at the Southwest staircase). Id. at 47–50.

Defendant now challenges the Court's holding that he committed a requisite "act" at any of the breach points and that he possessed the intent to obstruct officers at any time. The Government counters that Reed committed an act with the required intent at all three points. The Court need only find that there was one act that violated 18 U.S.C. § 231(a)(3) to uphold its verdict on Count I. Since Reed's conduct at breach point four is the clearest violation of the statute, the Court will focus its discussion there.

A. Act

At breach point four, the Court found that "[D]efendant was yanking and pulling on the bike rack by the inaugural stage and that such actions were clearly interfering or were impeding law enforcement officers who were attempting to maintain those racks." Tr. Trans. at 48:14–17. The Court credited the testimony given by Lieutenants Hopkins and Cruz to prove this fact but stated that they were unnecessary, as its conclusion was "the only logical inference" to be drawn from Government Exhibit 508, the video of the incident. Id. at 48:20–21.

Defendant rejoins that the exhibit was unclear. See Mot. at 10. He contends that the video shows only portions of his body, so the factfinder is left to infer his actions based on mere flashes of his sweatshirt and boots in a large crowd. Id. The Government asserts that Exhibit 508 "clearly shows . . . [D]efendant with his knees bent and arms out engaging in a forceful tug

3

of war over a bike rack with a police officer, ultimately ending as the defendant's final yank caused an officer to fall to the ground." ECF No. 59 (Resp.) at 6. This is accurate.

Reed does not contest that he was at the bike racks at the base of the Southwest staircase, and that his sweatshirt, beard, and boots are visible in the video. The video shows more than his mere presence, however, as it depicts Defendant leaning down, swaying backward, leaning forward again, and finally falling backwards. That parts of his body are partially blocked is irrelevant; a rational factfinder could conclude beyond a reasonable doubt that Defendant forcefully shoved the bike racks at the officers. As Reed has offered no convincing evidence to undermine this finding, the Court sees no reason to change its decision.

B.      Intent

Reed next asserts in a footnote that the Government failed to prove beyond a reasonable doubt that he possessed the intent to interfere with officers at breach point four. See Mot. at 11 n.1. The Government counters that the requisite intent is abundantly clear because "[D]efendant surged forward — through every police line and barricade line in his way — until he reached the Capitol building . . . . He disarmed police officers of critical defensive tools (bike racks) and used force to overpower the officer lines. . . . [D]efendant screamed threatening remarks at police officers for protecting the Capitol building at times when . . . [D]efendant was stopped from progressing." Resp. at 5. In response, Reed argues that the Government cannot rely on "a bunch of different actions" to show intent but instead must prove his mental state as to the specific act in question. See ECF No. 60 (Reply) at 2.

Yet Defendant does not proffer any argument as to why a rational factfinder could not find beyond a reasonable doubt that his actions at breach point four were done with the intent to obstruct officers. Indeed, that is the only logical inference. There is no other reason to shove a

bike rack at an officer other than to obstruct him. The Court can also use Defendant's prior actions to understand what he knew when he arrived at the Southwest staircase. See U.S. v. Moore, 732 F.2d 983, 991 (D.C. Cir. 1984) ("The intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time prior thereto, particularly when the activity involves a continuous course of dealing.") (quoting U.S. v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982)); U.S. v. Maude, 481 F.2d 1062, 1072 (D.C. Cir. 1973) ("As everybody knows, because of the impossibility of demonstrating directly just what a person might at any given time have in mind, intent must be proved circumstantially by resort to the surroundings of the objective activities."). At that point, Reed had watched the mob break the officers' barricades at multiple breach points and repeatedly run toward the next set of barriers to get closer to the Capitol as officers retreated. A reasonable factfinder could thus infer beyond a reasonable doubt that by the time he arrived at the Southwest steps, Reed knew that the officers were trying to stop the crowd from moving forward, and that using a bike rack to play tug-of-war with the officers would interfere with that objective.

He has thus not convinced the Court to reverse its requisite intent finding.

## IV.   Conclusion

Since the Court upholds its verdict as to both elements of Count I, it will deny Defendant's Motion for Acquittal. A separate Order so stating will issue this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 15, 2024